IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR28 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DAVID L. FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of defendant David L. Flowers (Flowers) to determine competence pursuant to 18 U.S.C. § 4244 (Filing No. 49), Flowers' motion to review detention (Filing No. 45), and the Petition for Action on Conditions of Pretrial Release (Petition) (Filing No. 44). The court held a hearing in this matter on July 19, 2005. Appearing at the hearing were Flowers, his appointed counsel, Patrick R. Runge, and Assistant U. S. Attorney Michael D. Wellman. During the hearing, Flowers' counsel was given additional time in which to submit medical records to support his motion. The hearing was continued to July 22, 2005.

On July 22, 2005, the hearing on the motion was resumed. Flowers was present along with Messrs. Runge and Wellman. Flowers presented medical records from the Douglas County Mental Health Board (Filing No. 49). Such records established a basis to question the competency of Flowers to answer to the Petition in this matter and to determine whether Flowers may presently be suffering from a mental disease or defect, the treatment of which requires his custody and care for treatment in a suitable medical facility under 18 U.S.C. §4244. The court finds Flowers' commitment to the Attorney General for a competency examination and for a psychiatric or psychological examination to be conducted and a report to be filed with the court pursuant to 18 U.S.C. § 4247.

**IT IS ORDERED:**

1. Flower's motion for a competency evaluation (Filing No. 49) is granted.
2. Flower's motion to review detention (Filing No. 45) is denied.

3.      The Petition for Action on Conditions of Pretrial Release (Filing No. 44) is held in abeyance pending a hearing under 18 U.S.C. § 4247(d).

4.      Pursuant to 18 U.S.C. § 4241 and § 4244, Flowers is committed to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period of time, not to exceed thirty (30) days, (a) to determine whether Flowers is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and (b) to assist the sentencing judge to determine if Flowers is suffering from a mental disease or defect as a result of which he is in need of custody for the care or treatment in a medical facility.

5.      A psychiatric or psychological report shall be filed with the court with copies provided to counsel of record at the completion of the period of examination.

6.      Upon receipt by the court and counsel of the examination report, a hearing pursuant to 18 U.S.C. § 4247(d) shall be promptly scheduled.

DATED this 22nd day of July, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge